IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REYMOND NAVA and DULCE NAVA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 10 C 7920 |
| | ) | |
| HERTZ EQUIPMENT RENTAL and JLG | ) | Suzanne B. Conlon, Judge |
| INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| JLG INDUSTRIES, INC., | ) | |
| | ) | |
| Third-Party Plaintiff/Counter Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Third-Party Defendant/Counter Plaintiff. | ) | |

**MEMORANDUM OPINION AND ORDER**

Reymond and Dulce Nava sued Hertz Equipment Rental and JLG Industries, Inc. in state

court after Reymond Nava was injured at work by equipment allegedy rented from Hertz and

manufactured by JLG.[1]  Defendants removed the case to federal court, and JLG filed a third-party

complaint against Reymond's employer, Chicago Transit Authority ("CTA"), for contribution.

*See* 740 ILCS 100/0.01 *et seq.*  CTA counterclaimed JLG for contribution under the Workers'

---

[1]Hereinafter, all references to Nava refer to Reymond Nava.

Compensation Act. *See* 820 ILCS 305/5(b). JLG moves to dismiss CTA's counterclaim, and

CTA moves for summary judgment on JLG's third-party complaint.

## I. Motion to Dismiss

JLG argues CTA's counterclaim should be dismissed because the Illinois Workers'

Compensation Act does not provide employers a cause of action against a third party when the

third party is already being sued by the employee. CTA contends its action is proper to ensure its

statutory lien rights are protected by court order. CTA requests that if the court concludes its

counterclaim is outside the scope of the Workers' Compensation Act, the claim be dismissed

without prejudice in case Nava dismisses his claim against defendants.

The Workers' Compensation Act does not provide CTA a cause of action against JLG for

injuries to Nava. The act allows CTA to sue JLG directly for Nava's injuries only if Nava

himself has not sued JLG and the statute of limitations is within three months of expiring. 820

ILCS 305/5(b); *Eastman v Messner*, 721 N.E.2d 1154, 1159 (Ill. 1999). Once Nava filed suit,

CTA's rights were limited to a lien against recovery obtained in the lawsuit, the right to intervene

in the litigation to ensure all orders are entered for its protection, and the right to ensure that

Nava does not settle or release defendants without its consent, unless it has been fully

indemnified or protected by court order. *Pederson v. Mi-Jack Products, Inc.*, 905 N.E.2d 316,

322–23 (Ill. App. Ct. 2009). The statute does not authorize CTA to assert a claim against JLG

based on Nava's injuries once he has filed suit. *See Eastman*, 721 N.E.2d at 1159.

CTA does not cite authority for the proposition that the counterclaim should be dismissed

without prejudice. CTA's potential right to step into Nava's shoes extinguished when Nava filed

suit. *See Woodward v. Pratt, Bradford & Tobin, P.C.*, 684 N.E.2d 1028, 1032–33 (Ill. App. Ct.

2

1997). With Nava's suit against JLG pending, the counterclaim CTA asserts could not be on Nava's behalf and therefore must be on CTA's own behalf. CTA's claim under the Workers' Compensation Act brought on its own behalf is dismissed with prejudice. This dismissal does not affect the CTA's remaining rights under the act.

## II. Motion for Summary Judgment

CTA argues it is entitled to summary judgment on JLG's third-party complaint because it is untimely. The statute of limitations for contribution actions allows JLG to proceed on its third-party claim only if the underlying action would have been timely against the CTA. Because the Navas sued JLG beyond the one-year statute of limitations applicable to CTA as a local public entity, CTA cannot now be sued for contribution.

The facts relevant to this motion are undisputed. Reymond Nava was injured on November 22, 2008. CTA Facts ¶ 6. The Navas filed the present suit on November 12, 2010. *Id.* ¶ 10. JLG filed a third-party complaint for contribution against CTA on December 29, 2010. *Id.* ¶ 12. The Navas' suit against JLG falls within the two-year statute of limitations for personal injury claims, and JLG's contribution claim was filed within two years of being served by the Navas. But the Navas' underlying suit would have been untimely if asserted against CTA because CTA is entitled to a shortened one-year statue of limitations. *See* 745 ILCS 10/8-101.

The parties agree Illinois law applies to this diversity suit. When interpreting a statute, courts strive to effectuate the legislature's intent, which is best reflected by the plain and ordinary meaning of a statute's language. *People v. Williams*, 940 N.E.2d 50, 55 (Ill. 2010). Statutory language that is clear and unambiguous is enforced as written without adding limitations that the legislature did not express. *Maksym v. Bd. of Election Comm'rs*, – N.E.2d –, 2011 WL 242421,

3

at *8 (Ill. 2011). If the state's highest court has not spoken on an issue, the decision of an intermediate state court controls "unless [the federal court] is convinced by other persuasive data that the highest court of the state would decide otherwise." *City of Chicago v. StubHub!, Inc.*, 624 F.3d 363, 365 (7th Cir. 2010) (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).

The time limit for filing a contribution action is found in 735 ILCS 5/13-204. Section 13-204(b) allows a defendant in an underlying personal injury action to file an action for contribution within two years of being served in the underlying case. Section 13-204(c) provides that the limitations period in subsection (b) preempts all other statutes of limitations "but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." The parties dispute whether the exception applies.

JLG urges the court to follow *LaFreniere v. Indiana Harbor Belt Railroad*, No. 97 C 5394, 1998 WL 774129 (N.D. Ill. Oct. 29, 1998) (Kocoras, J.), which dealt with the same situation. The defendant/third-party plaintiff was subject to a longer statute of limitations for a personal injury action than was the third-party plaintiff. Plaintiff brought the underlying suit within the longer statute of limitations, but after the shorter period had expired. The *LaFreniere* court allowed the third-party complaint to proceed, notwithstanding the fact that the underlying action would have been untimely as to the third-party defendant, concluding that § 13-204(c) "would bar a contribution action when the statute of limitations should have prevented suit in the first place." *Id.* at *4. *LaFreniere* gives as an example of a barred suit a case in which the underlying action would have been untimely, but defendant waives the statute of limitations. In that case, the third party defendant was not bound by that waiver and could assert a statute of

4

limitations defense. Under this interpretation, JLG may proceed on its third party complaint as long as the underlying action was filed within the statute of limitations *applicable to JLG*. The court does not find *LaFreniere* persuasive under Illinois law.

JLG's interpretation is contrary to the plain language of the statute: "the claimant in an underlying action [Nava] could have timely sued the party from whom contribution or indemnity is sought [CTA] at the time such claimant [Nava] filed the underlying action." 735 ILCS 5/13-204(c). The statute instructs courts to examine the relationship between Nava and CTA, without taking JLG into account.

This interpretation is supported by *Board of Managers of Wespark Condominium Association v. Neumann Homes, Inc.* (*Wespark*), 903 N.E.2d 39 (Ill. App. Ct. 2009), cited by CTA. In *Wespark*, the *LaFreniere* example occurred. The plaintiff and defendant in the underlying case had a standstill agreement to toll the statute of limitations for one year. *Id.* at 40. Plaintiff sued after the statute of limitations expired, but the suit was timely against defendant by virtue of the standstill agreement. Defendant filed a third-party complaint for contribution or indemnity within two years of the underlying action, but the Illinois appellate court concluded § 13-204(c) barred application of the two-year limitation. The third-party defendant was not a party to the standstill agreement. Therefore, the underlying suit would have been untimely if filed directly against the third-party defendant, triggering the exception in § 13-204(c). *Id.* at 42. The Illinois court did not consider the underlying action's timeliness as to the original defendant; it focused solely on the third-party defendant's independent rights.

Although the Illinois Supreme Court has not addressed this exact issue, CTA's interpretation of § 13-204 is consistent with *dictum* in *Travelers Casualty & Surety Company v.*

5

*Bowman*, 893 N.E.2d 583 (Ill. 2008). The Illinois Supreme Court held that § 13-204 did not apply to the suit at issue because the statute does not apply to written indemnity agreements. Then, the Illinois Supreme Court proceeded to hold that § 13-204(c) would bar application of § 13-204(b) anyway because "the claimants in the underlying action (the project plaintiffs) could not have sued the Bowmans [the alleged indemnitors] directly, as required by section 13-204(c)." *Id.* at 591. An action by the project plaintiffs was barred not because of timeliness but because the project plaintiffs could have sued only the Bowmans' company, not the Bowmans themselves. The Illinois Supreme Court looked only to the relationship between the original plaintiff and the party from whom defendant sought indemnification, without factoring the defendant into the equation.

Under the plain language of § 13-204, JLG is barred from bringing a contribution action against CTA.

### III. Conclusion

For the foregoing reasons, CTA's counterclaim is dismissed for failure to state a claim. Summary judgment is granted to CTA and against JLG on the third-party complaint for contribution.

ENTER:

Suzanne B. Conlon
United States District Judge

March 3, 2011